

1  Gregory J. Marshall (#019886)
   Daniel J. Inglese (#033887)
2  SNELL & WILMER L.L.P.
   One Arizona Center
3  400 E. Van Buren, Suite 1900
   Phoenix, Arizona  85004-2202
4  Telephone:  602.382.6000
   Facsimile:  602.382.6070
5  E-Mail: gmarshall@swlaw.com
   *Attorneys for Defendant Bank of America, N.A.*

6

7

8              IN THE UNITED STATES DISTRICT COURT

9                FOR THE DISTRICT OF ARIZONA

10

11  James Bonham,                    No. 2:21-cv-00406-MTL

12             Plaintiff,            **BANK OF AMERICA, N.A.'S**
                                     **MOTION TO DISMISS**
13       v.

14  Bank of America, N.A.,

15             Defendant.

16

17       Over two years after the occurrence of a foreclosure sale, plaintiff James Bonham

18  ("Bonham") has filed this action seeking to forestall the possession of the property by the

19  real owners of record.  Bonham focuses his tactic on an argument that he must be presented

20  with a "wet ink" deed of trust, a requirement not recognized in Arizona.  As this argument

21  serves as the basis for his entire First Amended Complaint ("FAC"), defendant Bank of

22  America National Association's ("BANA") motion to dismiss may be granted on this basis

23  alone.

24       However, Bonham has also failed to raise his contention prior to the foreclosure sale,

25  thereby waiving his challenge.  Further, the bulk of Bonham's claims were brought up in

26  prior lawsuits filed by Bonham, and adjudicated against him.  As such, they are barred by

27  the doctrine of res judicata.  For all these reasons, Bonham has not, and cannot, assert a

viable claim related to the foreclosure.  As such, this Court should grant BANA's motion with prejudice.

## BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Bonham obtained a loan from Countrywide Bank in March 2005.  FAC, ¶ 1.  Rather than adhere to his contractual obligations – as attested to on this Court's docket showing the list of related cases – Bonham began filing a series of meritless lawsuits and stall tactics.

On October 30, 2013, Bonham filed a complaint against BANA, asserting that the debt was unenforceable pursuant to a "split-the-note" theory.  The court, however, quickly found that such an argument was meritless, and entered an order granting BANA's motion to dismiss on December 19, 2013.  (*See* Dec. 19, 2013 Order, attached hereto as Exhibit A.)  While Bonham appealed this decision, the United States Court of Appeals for the Ninth Circuit affirmed the decision on June 22, 2016, and a mandate was filed on July 15, 2016.  (*See* July 15, 2016 Mandate, attached hereto as Exhibit B.)

Undeterred, Bonham filed another lawsuit on November 3, 2016, restating his prior "split-the-note" and "show me the note" theories, and adding a claim that BANA violated the Fair Debt Collections Practices Act ("FDCPA"), as well as a claim that he tendered a registered instrument to settle the account under the Uniform Commercial Code ("UCC").  As with the preceding matter, the court quickly returned a ruling granting BANA's motion to dismiss, noting that his "split-the-note" and "show me the note" claims are both meritless and barred by the doctrine of res judicata, and that his additional claims are meritless.  (*See* January 12, 2017 Order, attached hereto as Exhibit C.)  Bonham once again appealed, and the decision was upheld on March 20, 2018, in a mandate filed on September 20, 2018.  (*See* September 20, 2018 Mandate and prior Memorandum Decision, attached hereto as Exhibit D.)

Following this most recent affirmation of the parties' rights and obligations, BANA initiated a foreclosure by recording a Notice of Trustee's Sale on October 11, 2018.  (*See* Notice of Trustee's Sale, attached hereto as Exhibit E.)  Although the notice expressly stated that any objection to the sale must be made prior to the sale occurring, Bonham failed to

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1   produce any such objection.  As such, the property was sold at a trustee's sale on February

2   19, 2019 to a third-party purchaser.  (*See* Trustee's Deed Upon Sale, attached hereto as

3   Exhibit F.)

4                                    **LEGAL STANDARD**

5          To survive a motion to dismiss, a complaint must contain "enough facts to state a

6   claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570

7   (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

8   the court to draw the reasonable inference that the defendant is liable for the misconduct

9   alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To survive a motion to dismiss, the

10  factual allegations in a plaintiff's complaint must sufficiently cross the line from merely

11  "conceivable" to a level "plausibly suggesting" that the plaintiff is entitled to relief.  *Id.*; *see*

12  *also Ashcroft*, 556 U.S. 662 (confirming that the "plausibility standard" cited in *Twombly*

13  applies to pleadings in civil actions generally).  While all allegations of material fact are

14  taken as true, *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009), conclusory

15  allegations and unwarranted inferences, however, are insufficient to defeat a motion to

16  dismiss.  *See Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

17                                    **LEGAL ARGUMENT**

18  **1.      Bonham's Claims Are Barred By Res Judicata.**

19         "Res judicata applies when 'the earlier suit . . . (1) involved the same 'claim' or cause

20  of action as the later suit, (2) reached a final judgment on the merits, and (3) involved

21  identical parties or privies.'"  *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th

22  Cir. 2005), citing *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002); *see also Gatecliff*

23  *v. Great Republic Life Ins. Co.*, 154 Ariz. 502, 506, 744 P.2d 29, 33 (1987) ("A 12(b)(6)

24  dismissal . . . disposes of the merits and takes *res judicata* effect."); *Chaney Bldg. Co. v.*

25  *City of Tucson*, 148 Ariz. 571, 573, 716 P.2d 28, 30 (1986) ("Under the doctrine of *res*

26  *judicata*, a judgment 'on the merits' in a prior suit involving the same parties or their privies

27  bars a second suit based on the same cause of action.").

28

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

Bonham's current claims are based upon his demand that BANA "'prove-up' the debt by presenting the original 'wet-signed' Mortgage and Deed-of-Trust for examination, as well as a number of references to purported claims under the FDCPA stemming from correspondences which Bonham sent to BANA.  (FAC at ¶¶ 2, 4 & 5.)  These claims, however, have already been resolved.

Bonham's "wet-signed" theory was put forth in his 2013 lawsuit, which was dismissed on December 19, 2013.  (Ex. A.)  In affirming this decision, the Ninth Circuit noted that "defendant was not required to show Bonham the note or otherwise prove its authority to foreclose." *Bonham v. Bank of Am., N.A.*, 667 F. App'x 179, 179 (9th Cir. 2016), unpublished; citing *Hogan v. Wash. Mutual Bank, N.A.*, 230 Ariz. 584, 277 P.3d 781, 781 (Ariz. 2012) ("We hold that Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure.").

While Bonham reasserted these claims in his 2016 lawsuit, they were once again dismissed, this time on the ground that they were barred by the doctrine of res judicata.  (Ex. C.)  In affirming this latest decision, the appellate court noted that the claims were "barred by the doctrine of res judicata because these claims were raised, or could have been raised, in Bonham's prior action between the same parties that resulted in a final judgments on the merits." *Bonham v. Bank of Am., N.A.*, 715 F. App'x 701, 701 (9th Cir. 2018), unpublished, citing *Mpoyo*, 430 F.3d at 987 (setting forth res judicata elements and requirements for identity of claims), and *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (res judicata prohibits lawsuits on claims that were raised or could have been raised in prior action).

Bonham also asserted claims against BANA under the FCDPA and UCC through his 2016 lawsuit, which were likewise dismissed – and subsequently affirmed on the ground that "Dismissal of Bonham's Fair Debt Collection Practices Act and Uniform Commercial Code claims was proper because Bonham failed to allege facts sufficient to state a plausible claim." *Id.*

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

As Bonham has provided no new theory for relief – one that was not or could not have been raised in the prior lawsuits – then his claims against BANA are now barred by the doctrine of res judicata.  Accordingly, this Court should grant BANA's motion in its entirety.

**2.    Bonham Waived Any Objection To The Sale.**

While not mentioned in Bonham's FAC, the sale has already occurred.  (Exs. E & F.)  Bonham, however, failed to seek any injunction or otherwise object to the sale prior to its occurrence.  The failure to do so thus "waive[d] all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to Rule 65, Arizona Rules of Civil Procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale."  ARS § 33-811(C).

While the statute, and resulting judicial decisions, decline to establish any actual claim for wrongful foreclosure, the "specific 'wrongful foreclosure' allegations would remain subject to the statutory requisites of A.R.S. § 33-811(C) and [are] thus barred for failing to seek the required injunctive relief."  *Zubia v. Shapiro*, 243 Ariz. 412, 414, ¶ 10, 408 P.3d 1248, 1250 (2018).  Accordingly, "[e]ven assuming Arizona recognizes a cause of action for wrongful foreclosure, [Plaintiffs cannot] show [their] claim [is] not precluded by § 33-811(C)."  *Id.*

**3.    Bonham's Theories Are Meritless.**

As mentioned in the prior ruling dismissing Bonham's claims, there is no requirement to show Bonham the note prior to conducting a foreclosure sale.  *Hogan v. Wash. Mutual Bank, N.A,* 230 Ariz. at 584, 277 P.3d at 781.  As to his assertions under the FDCPA, they have likewise already been dismissed due to lack of merit.

By its own terms, the FDCPA does not apply to: "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity. . . (ii) concerns a debt which was originated by such person. . . ."  15 U.S.C. 1692a(6)(F); *see also Mansour v. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178, 1182 (D. Ariz. 2009) ("Creditors and their fiduciaries are not 'debt collectors' subject to the

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

FDCPA"); *Diessner v. Mortgage Electronic Registration Systems*, 618 F.Supp.2d 1184, 1188 (D. Ariz. 2009) ("While the Ninth Circuit has not specifically addressed the issues of whether mortgagees and their assignees are 'debt collectors' and whether non-judicial foreclosure actions constitute debt collection under the FDCPA, other courts have addressed the issues. The Fifth Circuit has held that mortgagees and their beneficiaries are not debt collectors subject to the FDCPA. The legislative history of the FDCPA also supports the position that mortgagees and their assignees, including mortgage servicing companies, are not debt collectors under the FDCPA when the debts were not in default when taken for servicing.") (internal footnotes omitted). As BANA merged with Countrywide – the entity that originated the loan – BANA cannot be considered a debt collector for the purposes of the FDCPA.

Further, any claim under the FDCPA must be brought forth within one year of the alleged violation. 15 U.S.C. § 1692k(d). Not only do all the correspondences cited to in the FAC which Bonham purports to use as the basis of his claim fall far outside the statute of limitations, but the sale of the property itself occurred more than one year prior to the lawsuit being filed. Accordingly, any claim under the FDCPA regarding the debt would be time-barred.

## CONCLUSION

For the aforementioned reasons, Bonham has not and cannot state a claim against BANA. Accordingly, this Court should grant BANA's motion, and dismiss it from this action with prejudice.

DATED this 15th day of April, 2021.

SNELL & WILMER L.L.P.

By: */s/ Daniel J. Inglese*
Gregory J. Marshall
Daniel J. Inglese
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
*Attorneys for Defendant Bank of America, N.A.*

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that I electronically transmitted the attached document to the Clerk's

3 Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic

4 Filing to the following CM/ECF Registrants, and mailed a copy of same to the following if

5 non-registrants on this 15th day of April, 2021:

6
James Bonham
7 6943 W Planada Lane
Glendale, AZ 85310
8 jbonham16@cox.net

9                                          */s/ Martin Lucero*
10

11 4816-6934-1157.2

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gregory J. Marshall (#019886)
Daniel J. Inglese (#033887)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
E-Mail: gmarshall@swlaw.com
*Attorneys for Defendant Bank of America, N.A.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Bonham, | No. 2:21-cv-00406-MTL |
| Plaintiff, | **BANK OF AMERICA, N.A.'S CERTIFICATE OF GOOD-FAITH CONFERRAL** |
| v. | |
| Bank of America, N.A., | |
| Defendant. | |

Defendant Bank of America N.A. certifies that they notified plaintiff James Bonham of the issues asserted in this motion.  Undersigned counsel sent Bonham a letter on March 23 explaining the deficiencies in his Complaint.  They had subsequent telephone discussions and email exchanges regarding the Complaint and were unable to agree that the Complaint could be cured by amendment.

DATED this 15th day of April, 2021.

SNELL & WILMER L.L.P.

By: */s/ Daniel J. Inglese*
Gregory J. Marshall
Daniel J. Inglese
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
*Attorneys for Defendant Bank of America, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants, and mailed a copy of same to the following if non-registrants on this 15th day of April, 2021:

James Bonham
6943 W Planada Lane
Glendale, AZ 85310
jbonham16@cox.net

*/s/ Martin Lucero*

# EXHIBIT A

**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| James Will Bonham, | No. CV-13-02220-PHX-SRB |
| Plaintiff, | **ORDER** |
| v. | |
| Bank of America NA, et al., | |
| Defendants. | |

At issue is Defendant Bank of America, N.A.'s Motion to Dismiss ("MTD") (Doc. 11).

**I.    BACKGROUND**

Plaintiff, appearing pro se, brings this lawsuit to quiet title to a home that he purchased by borrowing money from and executing a deed of trust in favor of Countrywide Bank, which is now Bank of America. (Doc. 1, Pl.'s Verified Compl. in Supp. of this Action-at-Law for "Quiet Title" Only ("Compl.") ¶ 10.) Plaintiff alleges that Countrywide sold, assigned, or otherwise transferred the loan obligation to another party, but did not transfer the deed of trust. (*See id.* ¶¶ 11-12.) Plaintiff asserts that due to this "bifurcation" either the deed of trust was voided (thereby invalidating Bank of America's ability to initiate a trustee's sale) or the debt was satisfied by the sale of loan obligation to a third party in an attempt to securitize the debt. (*See id.* ¶¶ 15-21.) Plaintiff makes no allegation that he has paid the loan obligation in full and Defendant asserts that he has not. (MTD at 2.) Defendant moves to dismiss Plaintiff's Complaint with prejudice because Plaintiff has not and cannot state a cause of action. (*Id.* at 1, 6.)

1    **II.     LEGAL STANDARDS AND ANALYSIS**

2         A Rule 12(b)(6) dismissal for failure to state a claim can be based on either (1) the

3    lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal

4    claim. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011), *cert. denied*,

5    *Blasquez v. Salazar*, 132 S. Ct. 1762 (2012). Courts must consider all well-pleaded

6    factual allegations as true and interpret them in the light most favorable to the plaintiff.

7    *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1207 (9th Cir. 2013). "[A] well-

8    pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those

9    facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v.

10   Twombly*, 550 U.S. 544, 556 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236

11   (1974)). However, "for a complaint to survive a motion to dismiss, the non-conclusory

12   'factual content,' and reasonable inferences from that content, must be plausibly

13   suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d

14   962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other

15   words, the complaint must contain enough factual content "to raise a reasonable

16   expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556.

17        **A.     Bifurcation**

18        Defendant argues that Plaintiff's "bifurcation" theory fails because Plaintiff has

19   not pled facts sufficient to establish that the deed of trust and promissory note have

20   actually been bifurcated nor could he make such allegations. (MTD at 4-5.) This Court

21   has rejected this bifurcation theory on numerous occasions in recent years. *See, e.g.*, *Bean

22   v. BAC Home Loans Servicing, L.P.*, No. CV-11-553-PHX-GMS, 2012 WL 171435, at *1

23   (D. Ariz. Jan. 20, 2012); *In re Mortgage Elec. Registration Sys. (MERS) Litig.*, 744 F.

24   Supp. 2d 1018, 1026-27 (D. Ariz. 2010) ("*MERS Litig.*"); *Ciardi v. Lending Co., Inc.*,

25   No. CV 10-0275-PHX-JAT, 2010 WL 2079735, at *3 (D. Ariz. May 24, 2010). In those

26   cases, the Court has explained that when MERS is named as the "nominee" for the

27   original lender and the lender's successors and assigns in a deed of trust, the deed of trust

28   and the promissory note are not bifurcated due to a later sale of the promissory note to a

different party for securitization purposes. *See, e.g.*, *MERS Litig.*, 744 F. Supp. 2d at 1026-27. Plaintiff attached a copy of the deed of trust to his Complaint, which states that "MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns." (Compl., Attach. 3 at 2.) Consequently, the Court rejects Plaintiff's bifurcation theory because "Plaintiff[] [has] failed to allege any facts suggesting that MERS is not the nominee of the current owner of the promissory note; nor [does] Plaintiff[] allege any facts supporting [his] assertion that the promissory note and the deed of trust have been bifurcated." *See MERS Litig.*, 744 F. Supp. 2d at 1027.

### B. Satisfaction

Defendant argues that Plaintiff's assertion that his debt was satisfied by the transfer of the promissory note through the securitization process fails because those transfers affected only who was entitled to Plaintiff's payments, not his liability for those payments. (MTD at 6.) Plaintiff alleges merely that the promissory note was "'Sold' <u>for the full value, plus</u>." (Compl. ¶ 20.) This allegation is too vague to support a cause of action because it does not identify who sold and purchased the note or how that sale would affect Plaintiff's obligations. Furthermore, it is clear from the context of Plaintiff's Complaint that Plaintiff is referring to the transfers of the note through the securitization process. (*See id.* ¶¶ 10-20.) The Court therefore rejects Plaintiff's assertion because those transfers had no effect on his liability to continue making payments on the note. *See Albritton v. Tiffany & Bosco, P.A.*, No. CV 12-924-TUC-HCE, 2013 WL 3153848, at *8 (D. Ariz. June 19, 2013) ("Securitization merely creates a separate contract, distinct from plaintiffs' debt obligations under the note, and does not change the relationship of the parties in any way." (internal quotation marks omitted and alterations incorporated)).

### C. Quiet Title

Although Plaintiff asserts only the two theories discussed above, he has titled his cause of action one to "quiet title" to property, so the Court considers the requirements of a cause of action to quiet title as well. (*See* Compl. ¶ 6.) A mortgagor cannot move to quiet title "until and unless he pays off [the] mortgage lien." *Farrell v. West*, 114 P.2d

910, 911 (Ariz. 1941); *see also Robertson v. DLJ Mortg. Capital, Inc.*, No. CV-12-8033-PCT-LOA, 2012 WL 4840033, at *8 (D. Ariz. Oct. 11, 2012) ("It is well established in Arizona that a plaintiff cannot bring a quiet title action unless she has paid off her mortgage in full." (internal quotation marks omitted)). Because Plaintiff has not alleged that he has  paid the note in full, he cannot quiet title at this time. *See Farrell*, 114 P.2d at 911.

## III.    CONCLUSION

The Court dismisses Plaintiff's Complaint because it does not state a cause of action. Unless Plaintiff has paid his debt in full, he has no right to quiet title to the property securing the deed of trust.

**IT IS ORDERED** granting Defendant Bank of America, N.A.'s Motion to Dismiss (Doc. 11).

**IT IS FURTHER ORDERED** denying Plaintiffs' [sic] Motion for Preliminary Injunction, Ex Parte (Doc. 6) as moot.

Dated this 19th day of December, 2013.

_____
Susan R. Bolton
United States District Judge

- 4 -

# EXHIBIT B

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 15 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAMES WILL BONHAM,

                 Plaintiff - Appellant,

     v.

BANK OF AMERICA, N.A., a
corporation and UNKNOWN PARTIES,
Does 1-10,

                 Defendants - Appellees.

No. 14-15045

D.C. No. 2:13-cv-02220-SRB
U.S. District Court for Arizona,
Phoenix

**MANDATE**

The judgment of this Court, entered June 22, 2016, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule

41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:
Molly C. Dwyer
Clerk of Court

Rhonda Roberts
Deputy Clerk

FILED

**NOT FOR PUBLICATION**

JUN 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES WILL BONHAM,<br><br>       Plaintiff - Appellant,<br><br>v.<br><br>BANK OF AMERICA, N.A., a corporation; UNKNOWN PARTIES, Does 1-10,<br><br>       Defendants - Appellees. | No. 14-15045<br><br>D.C. No. 2:13-cv-02220-SRB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted June 14, 2016[**]

Before:      BEA, WATFORD, and FRIEDLAND, Circuit Judges.

James Will Bonham appeals pro se from the district court's judgment

dismissing his diversity action asserting a quiet title claim. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *See Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010).  We affirm.

The district court properly dismissed Bonham's action because Bonham's contentions that the alleged securitization of his note rendered the deed of trust or note unenforceable fail as a matter of law.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011) ("Even if we were to accept the plaintiffs' premise[] that . . . the note is split from the deed, we would reject the plaintiffs' conclusion that, as a necessary consequence, no party has the power to foreclose.").  Further, defendant was not required to show Bonham the note or otherwise prove its authority to foreclose.  *See Hogan v. Wash. Mutual Bank, N.A.*, 277 P.3d 781, 781 (Ariz. 2012) ("We hold that Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure.").

Dismissal of Bonham's action without a hearing did not violate Bonham's rights to due process or a jury trial.  *See Novak v. United States*, 795 F.3d 1012, 1023 (9th Cir. 2015) (due process does not require a court to hold a hearing on a party's motion to dismiss); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 771 n.8 (9th Cir. 1981) (describing Federal Rule of Civil Procedure 12(b)(6) as one device "for a judge to remove a case from a jury").

We reject as without merit Bonham's contention that the district court lacked subject matter jurisdiction.

Bonham's pending requests, set forth in the opening brief, are denied.

**AFFIRMED.**



14-15045 James Bonham v. Bank of America, N.A., et al "Mandate Issued (Screening/Motions Panel)"
ca9_ecfnoticing
to:
07/15/2016 05:15 PM
Hide Details
From: ca9_ecfnoticing@ca9.uscourts.gov
To:

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

<strong>United States Court of Appeals for the Ninth Circuit</strong>

**Notice of Docket Activity**

The following transaction was entered on 07/15/2016 at 5:14:24 PM PDT and filed on 07/15/2016

| | |
|---|---|
| **Case Name:** | James Bonham v. Bank of America, N.A., et al |
| **Case Number:** | 14-15045 |
| **Document(s):** | Document(s) |

**Docket Text:**
MANDATE ISSUED. (CTB, PJW and MTF) [10052409] (Roberts, Rhonda)

**Notice will be electronically mailed to:**

Gregory B. Iannelli
Mr. Sean Keenan McElenney, Attorney
Mr. Eric M. Moores, Attorney
USDC, Phoenix

**Case participants listed below will not receive this electronic notice:**

James Will Bonham
6943 W Planada Ln.
Glendale, AZ 85310

The following document(s) are associated with this transaction:
**Document Description:** Mandate Order
**Original Filename:** /opt/ACECF/live/forms/RhondaRoberts_1415045_10052409_v2Order-Mandate_216.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1106763461 [Date=07/15/2016] [FileNumber=10052409-0]
[75f8e4e0d525c4b7be2283447611e67d23e32859e8c671d89e88ce25c155006e971dd3336ff229f15c9018fd40ccf4fd3e3153907cd3ff9c75b52731a16d1841]]
**Recipients:**

- James Will Bonham
- Gregory B. Iannelli
- Mr. Sean Keenan McElenney, Attorney
- Mr. Eric M. Moores, Attorney
- USDC, Phoenix

The following information is for the use of court personnel:

**DOCKET ENTRY ID:** 10052409
**RELIEF(S) DOCKETED:**
**DOCKET PART(S) ADDED:** 11621409

# EXHIBIT C

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Will Bonham, | No. CV-16-03822-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Bank of America NA, *et al.*, | |
| Defendants. | |

At issue is Defendant Bank of America NA's Motion to Dismiss (Doc. 17, Mot.), to which *pro se* Plaintiff James Will Bonham filed a Response (Doc. 19, Resp.) and Defendant filed a Reply (Doc. 27, Reply). The Court finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f).

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations [] it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*,

534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When analyzing a complaint under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith*, 84 F.3d at 1217. However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits properly included in the complaint, and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

In its Motion to Dismiss, Defendant first argues that the issues and factual allegations presented in Counts I and II of Plaintiff's Complaint (Doc. 1, Compl.) were already litigated between these parties to a final judgment on the merits and are therefore barred by the doctrine of *res judicata*. (Mot. at 4-5.) As the Court already indicated in its

prior Order (Doc. 3), the Court agrees. Plaintiff raised the same issues contained in Counts I and II against Defendant in a prior action, and this Court entered a final judgment on the merits that was affirmed by the Ninth Circuit Court of Appeals. Plaintiff did not provide the Court with any legal justification for raising the same issues before the Court again—indeed he makes no legal argument in response to Defendant's *res judicata* argument (*see* Resp. at 2)—and the Court must therefore dismiss Counts I and II of the Complaint with prejudice. *See Tahoe Sierra Preservation Council Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003).

Defendant next moves to dismiss Count III of Plaintiff's Complaint, which attempts to raise a claim under the Fair Debt Collections Practices Act (FDCPA). (Mot. at 5-6.) This District has consistently concluded that mortgagees and their assignees are not debt collectors for the purposes of the FDCPA. *See, e.g.*, *Diessner v. Mortg. Elec. Registrations Sys.*, 618 F. Supp. 2d 1184, 1188 (D. Ariz. 2009). As the Court found in the previous litigation and the judicially-noticed documents provided by Defendant confirm in this case, Defendant is the successor in interest to the party that originated the loan underlying Plaintiff's claim. As a result, Plaintiff has no cause of action under the FDCPA against Defendant in this case, and the Court must dismiss Count III with prejudice.

Finally, Defendant moves to dismiss Count IV of Plaintiff's Complaint, which attempts to raise a claim under the Uniform Commercial Code (UCC) based on an allegation that Plaintiff "tendered a properly registered instrument for satisfaction of the alleged obligation in favor of Defendant." (Mot. at 6; Compl. at 10; *see also* Doc. 12, "Plaintiff's Notice of Offer to (Alleged) Trustee and Additional Evidence.") The Note and Deed underlying Plaintiff's claim and attached to the Complaint state that Plaintiff agrees to make all payments "in the form of cash, check or money order." The "properly registered instrument" for satisfaction of the Note to which Plaintiff refers in Count IV (Docs. 1, 12), and which the Court properly takes judicial notice of, is not in the form of cash, check or money order, and it therefore cannot satisfy Plaintiff's obligations under

the Note by the Note's explicit terms. Without valid tender, Count IV has no merit, and the Court must dismiss it with prejudice.

IT IS THEREFORE ORDERED granting Defendant Bank of America NA's Motion to Dismiss (Doc. 17) and dismissing Plaintiff's claims against Defendant with prejudice.

IT IS FURTHER ORDERED directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 12th day of January, 2017.

Honorable John J. Tuchi
United States District Judge

# EXHIBIT D

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAMES WILL BONHAM,

　　　　　　Plaintiff - Appellant,

　v.

BANK OF AMERICA, N.A., a
corporation and UNKNOWN PARTIES,
named as John and/or Jane Does I-X,

　　　　　　Defendants - Appellees.

No. 17-15256

D.C. No. 2:16-cv-03822-JJT
U.S. District Court for Arizona,
Phoenix

**MANDATE**

　　　　The judgment of this Court, entered March 20, 2018, takes effect this date.

　　　　This constitutes the formal mandate of this Court issued pursuant to Rule

41(a) of the Federal Rules of Appellate Procedure.

　　　　　　　　　　　　　FOR THE COURT:

　　　　　　　　　　　　　MOLLY C. DWYER
　　　　　　　　　　　　　CLERK OF COURT

　　　　　　　　　　　　　By: Quy Le
　　　　　　　　　　　　　Deputy Clerk
　　　　　　　　　　　　　Ninth Circuit Rule 27-7

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES WILL BONHAM, | No. 17-15256 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-03822-JJT |
| v. | District of Arizona, Phoenix |
| BANK OF AMERICA, N.A., a corporation; UNKNOWN PARTIES, named as John and/or Jane Does I-X, | ORDER |
| Defendants-Appellees. | |

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

We treat Bonham's "Motion to Vacate Memorandum" (Docket Entry No. 54) as a petition for panel rehearing, and deny the petition.

To the extent that Bonham's filing (Docket Entry No. 53) requests relief from this court, it is denied.

No further filings will be entertained in this closed case.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES WILL BONHAM,<br><br>                Plaintiff-Appellant,<br><br>   v.<br><br>BANK OF AMERICA, N.A., a corporation;<br>UNKNOWN PARTIES, named as John<br>and/or Jane Does I-X,<br><br>                Defendants-Appellees. | No. 17-15256<br><br>D.C. No. 2:16-cv-03822-JJT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted March 13, 2018[**]

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

James Will Bonham appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims arising from foreclosure

proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1167 (9th Cir. 2013) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (dismissal on basis of res judicata).  We may affirm on any basis supported by the record.  *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 790 (9th Cir. 2016) (en banc).  We affirm.

The district court properly dismissed Bonham's claims for "lack of standing" and breach of contract as barred by the doctrine of res judicata because these claims were raised, or could have been raised, in Bonham's prior action between the same parties that resulted in a final judgments on the merits.  *See Mpoyo*, 430 F.3d at 987 (setting forth res judicata elements and requirements for identity of claims); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (res judicata prohibits lawsuits on claims that were raised or could have been raised in prior action).

Dismissal of Bonham's Fair Debt Collection Practices Act and Uniform Commercial Code claims was proper because Bonham failed to allege facts sufficient to state a plausible claim.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim).

The district court did not abuse its discretion by dismissing Bonham's complaint without leave to amend because amendment would be futile.  *See*

*Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

Because we affirm the district court's dismissal of the complaint, we do not consider whether the denials of Bonham's requests for preliminary injunctions were proper. *See Santa Monica Nativity Scenes Comm. v. City of Santa Monica*, 784 F.3d 1286, 1291 n.1 (9th Cir. 2015) ("Because we affirm the district court's Rule 12(b)(6) dismissal of the complaint, . . . we need not separately address the question whether the denial of the [plaintiff's] motion for a preliminary injunction was proper.").

We do not consider documents or facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Bonham's requests, set forth in his opening brief, are denied.

Bonham's motion to take judicial notice (Docket Entry No. 18) is denied.

Bonham's opposed motions to file a supplemental opening brief (Docket Entry Nos. 29, 30) are granted. Bonham's requests contained within Docket Entry No. 36 are denied. The Clerk shall file Bonham's supplemental opening brief submitted at Docket Entry No. 23.

**AFFIRMED.**

# EXHIBIT E

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
ADRIAN FONTES
20180764330   10/11/2018   03:01
ELECTRONIC RECORDING

1539294677871-3-1-1--
Hoyp

Recording requested by:

Title 365

When recorded mail to:

Quality Loan Service Corporation
2763 Camino Del Rio South
San Diego, CA 92108

---

TS No.: AZ-16-710292-JP
Order No.: DS7300-18002463

Space above this line for recorders use

# Notice of Trustee's Sale

The following legally described trust property will be sold, pursuant to the power of Sale under that certain Deed of Trust dated **3/10/2005** and recorded **3/16/2005** as Instrument No. **20050319341**   in the office of the County Recorder of **MARICOPA** County, Arizona. **NOTICE! IF YOU BELIEVE THERE IS A DEFENSE TO THE TRUSTEE SALE OR IF YOU HAVE AN OBJECTION TO THE TRUSTEE SALE, YOU MUST FILE AN ACTION AND OBTAIN A COURT ORDER PURSUANT TO RULE 65, ARIZONA RULES OF CIVIL PROCEDURE, STOPPING THE SALE NO LATER THAN 5:00 P.M. MOUNTAIN STANDARD TIME OF THE LAST BUSINESS DAY BEFORE THE SCHEDULED DATE OF THE SALE, OR YOU MAY HAVE WAIVED ANY DEFENSES OR OBJECTIONS TO THE SALE. UNLESS YOU OBTAIN AN ORDER, THE SALE WILL BE FINAL** and will occur at public auction to the highest bidder:

| | |
|---|---|
| Sale Date and Time: | **1/17/2019 at 10:00 AM** |
| Sale Location: | **At the Main Entrance to the Superior Courts Building. Maricopa County Courthouse, 201 W. Jefferson, Phoenix, AZ 85003.** |
| Legal Description: | LOT 154, PATRICK RANCH, ACCORDING TO BOOK 378 OF MAPS, PAGE 42, AND CERTIFICATE OF CORRECTION RECORDED IN DOCUMENT NO. 94-553935 AND RECORDED IN DOCUMENT NO. 94-707865, RECORDS OF MARICOPA COUNTY, ARIZONA. |
| Purported Street Address: | **6943 W PLANADA LN, GLENDALE, AZ 85310-5853** |
| Tax Parcel Number: | **23117583** |
| Original Principal Balance: | **$280,000.00** |
| Name and Address of Current Beneficiary: | **BANK OF AMERICA, N.A. C/O Bank of America, N.A. 7105 Corporate Drive Plano, TX 75024** |
| Name(s) and Address(s) of Original Trustor(s): | **JAMES W BONHAM, A MARRIED MAN AS HIS SOLE & SEPARATE PROPERTY 6943 W PLANADA LN, , GLENDALE, AZ 85310** |

Name and Address of Trustee/Agent:

**Quality Loan Service Corporation**
**2763 Camino Del Rio South, San Diego, CA 92108**
**Phone: (866) 645-7711**
**Sales Line: 800-280-2832**
**Login to:  www.auction.com**
**Or Login to: http://www.qualityloan.com**
**Reinstatement Line: (866) 645-7711 Ext 5318**
**AZ-16-710292-JP**

**The successor trustee qualifies to act as a trustee under A.R.S. §33-803(A)(1) in its capacity as a licensed Arizona escrow agent regulated by the Department of Financial Institutions.**

If the sale is set aside for any reason, including if the Trustee is unable to convey title, the Purchaser at the sale shall be entitled only to a return of the monies paid to the Trustee.  This shall be the Purchaser's sole and exclusive remedy.  The purchaser shall have no further recourse against the Trustor, the Trustee, the Beneficiary, the Beneficiary's Agent, or the Beneficiary's Attorney.

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only.

**QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

TS No.: AZ-16-710292-JP

Dated: 10|16|2018

QUALITY LOAN SERVICE CORPORATION

By: Rachel C. Kenny, Assistant Secretary

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of: **California**)

County of: **San Diego**)

On **OCT 1 0 2018** before me, _____ Katherine A. Davis _____ a notary public, personally appeared _Rachel C. Kenny_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of **California** that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ Katherine A. Davis

KATHERINE A. DAVIS
COMM. #2095368
Notary Public - California
San Diego County
My Comm. Expires Dec. 29, 2018

# EXHIBIT F

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
ADRIAN FONTES
20190131576  02/27/2019  08:26
ELECTRONIC RECORDING

6749877-3-7-7--
henrya

Recording requested by:

Title365

When recorded mail to:
John S. Sutto Jr. and Holly A Sutto
7121 W Camino de Oro
Peoria, AZ, 85383

Forward tax statements to the address given above

---

TS No.: **AZ-16-710292-JP**
Order No.: **DS7300-18002463**

Space above this line for recorders use

AFFIDAVIT OF VALUE EXEMPT PURSUANT
TO A.R.S SECTION 11-1134 (B)(1)

# Trustee's Deed Upon Sale

APN No.: 23117583                     Transfer Tax: **$0.00**

The undersigned grantor declares:
The grantee herein WASN'T the foreclosing beneficiary.
The amount of the unpaid debt together with costs was: **$431,420.42**
The amount paid by the grantee at the trustee sale was: **$325,400.00**
The documentary transfer tax is: **None** Said property is in the City of: **GLENDALE**, County of **MARICOPA**

**QUALITY LOAN SERVICE CORPORATION** , as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

**John S Sutto Jr and Holly A Sutto, husband and wife**

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of **MARICOPA**, State of **ARIZONA**, described as follows:

**LOT 154, PATRICK RANCH, ACCORDING TO BOOK 378 OF MAPS, PAGE 42, AND CERTIFICATE OF CORRECTION RECORDED IN DOCUMENT NO. 94-553935 AND RECORDED IN DOCUMENT NO. 94-707865, RECORDS OF MARICOPA COUNTY, ARIZONA.**

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **JAMES W BONHAM, A MARRIED MAN AS HIS SOLE & SEPARATE PROPERTY**, as Trustor, dated **3/10/2005**, and recorded on **3/16/2005** as instrument number **20050319341** of Official Records in the office of the Recorder of **MARICOPA, ARIZONA**, under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed trustee, default having occurred under the Deed of Trust pursuant to the Notice of Sale under the Deed of Trust recorded on **10/11/2018**, instrument no **20180764330** of Official records. Trustee having complied with all applicable statutory requirements of the State of Arizona and performed all duties required by the Deed of Trust including sending a Notice of Sale within five days by certified mail, postage pre-paid to each person entitled to notice in compliance with Arizona Civil Code 33-809.

All requirements per Arizona Statutes regarding the mailing, personal delivery and publication of copies of Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust

sold said real property at public auction on **2/19/2019**. Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being **$325,400.00**, in lawful money of the United States, in pro per, receipt thereof is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

This conveyance is made without representations or warranties of any kind, expressed or implied. By recording this Trustee's Deed, Grantee understands, acknowledges and agrees that the Property was purchased in the context of a foreclosure, that the current Trustee made no representations to Grantee concerning the Property and that the current Trustee owed no duty to make disclosures to Grantee concerning the Property, Grantee relying solely upon his/her/their/its own due diligence investigation before electing to bid for the Property.

In witness thereof, **QUALITY LOAN SERVICE CORPORATION**, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws.

QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

TS No.: **AZ-16-710292-JP**

Date: 02 / 25 / 19

**QUALITY LOAN SERVICE CORPORATION**

By: Damian Ramirez, Assistant Secretary

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of: **California**)

County of: **San Diego**)

On **FEB 2 5 2019** before me, **Katherine A. Davis** a notary public, personally appeared **Damian Ramirez**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of **California** that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.                    **(Seal)**

Signature _____ Katherine A. Davis

KATHERINE A. DAVIS
Notary Public - California
San Diego County
Commission # 2269219
My Comm. Expires Dec 29, 2022

TS No.:  AZ-16-710292-JP

# **Grantee Contact Information**

Grantee is incorporated, organized, licensed, chartered, formed and/or registered in the State and Country reflected in the address block below:

John S Sutto Jr and Holly A Sutto, husband and wife
c/o 7121 W CAMINO DE ORO
PEORIA, AZ 85383
United States of America