Gregory J. Marshall (#019886)
Daniel J. Inglese (#033887)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: gmarshall@swlaw.com
*Attorneys for Defendant Bank of America, N.A.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Bonham, | No. 2:21-cv-00406-MTL |
| Plaintiff, | **BANK OF AMERICA, N.A.'S RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| Bank of America, N.A., | |
| Defendant. | |

Plaintiff James Bonham ("Bonham") filed an ex parte motion for an injunction, requesting that this Court "make an order enjoining any current eviction proceedings until Defendants produce Plaintiff's 'wet-signed' original note/Deed of Trust." Bonham's motion, however, must be denied for a number of reasons.

The most obvious deficiency is that defendant Bank of America, N.A. ("BANA") is not the owner of the property, and has no interest in the eviction proceedings, and any injunction would thus be an ineffective advisory opinion. Bonham himself attaches to the motion a writ of restitution, entitling the true owners of the property – John S. Sutto, Jr. and Holly A. Sutto (the "Suttos") – to immediate possession. That such a writ was issued demonstrates that the issue has already been decided, and Bonham's request for an injunction is barred by virtue of collateral estoppel.

Further, there is no likelihood that Bonham's underlying lawsuit will be successful. As explained in the concurrently-filed motion to dismiss, Bonham's claims have already been adjudicated as meritless, and have further been waived due to his inaction in the face of foreclosure. That a balancing of the hardships does not favor Bonham is additional ground to decline his request for an injunction.

## BACKGROUND AND PLAINTIFF'S ALLEGATIONS

BANA hereby incorporates by reference the background section of its concurrently-filed motion to dismiss.

## LEGAL STANDARD

A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). Plaintiff asks the Court to engage in an "exercise of a very far reaching power never to be indulged except in a case clearly warranting it." *Sierra Club v. Hickel*, 433 F.2d 24, 33 (9th Cir. 1970). Plaintiff bears the burden of clearly establishing entitlement to a preliminary injunction. Plaintiff must prove that: (1) she has a likelihood of success on the merits; (2) there is a likelihood of irreparable harm if a preliminary injunction is not issued; (3) the balance of hardships favors an injunction; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008).

## LEGAL ARGUMENT

**1.  BANA Is Not The Proper Party To Seek An Injunction Against.**

As noted, the Suttos are the true owners of record of the subject property, pursuant to a February 2019 trustee's sale. BANA has no interest in the property, and thus is not involved with the process of evicting Bonham from property which he was divested from more than two years ago.

Accordingly, as BANA is not an appropriate party for this claim for relief, and as the Suttos have not been joined as parties or served with the motion for an injunction, Bonham's motion must be denied.

**2.      The Issue Of Right Of Possession Has Already Been Decided.**

Bonham attaches to his motion a sole exhibit – a writ of restitution issued by the Maricopa Superior Court on March 28, 2019 declaring that "judgment was rendered for [the Suttos] and against [Bonham] for possession of the property." Bonham, in filing his motion for an injunction, seeks to undermine the ruling of that court. That decision, however, cannot be undone by such mechanisms.

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . . ." *Montana v. United States*, 440 U.S. 147, 153 (1979). "Collateral estoppel, or issue preclusion, 'means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *Santamaria v. Horsley*, 138 F.3d 1280, 1280 (9th Cir. 1998), citing *Ashe v. Swenson,* 397 U.S. 436, 443 (1970).

By issuing the writ, the Maricopa Superior Court specifically determined the issue of possession, and entered judgment upon said issue in favor of the Suttos. Accordingly, Bonham's motion is barred by the doctrine of collateral estoppel.

**3.      Bonham Is Not Likely To Succeed On The Merits.**

As provided for in BANA's motion to dismiss – and incorporated herein by reference – Bonham is unlikely to prevail on his claims. The bases for his claims have already been adjudicated against Bonham, and are thus barred by the doctrine of res judicata. Further, as Bonham had not objected to the sale before it occurred – or sought an injunction at that time – he has waived any objection. ARS § 33-811(C). [1]

---

[1] BANA's counsel was recently advised that, more than two years after the Trustee's Sale, Mr. Bonham was finally evicted this date by the property's owners, the Suttos. While BANA played no part his eviction, and was only indirectly advised of this development, it appears the subject of the requested injunction is now moot.

1  As such, any request for an injunction due to alleged irregularities in the sale must be denied.

### 4. There Is No Likelihood Of Harm Should The Injunction Not Be Issued.

As BANA is not the appropriate party to a motion for an injunction at this stage, an injunction would have no effect. Accordingly, as the foreclosure has already occurred, requesting an injunction against BANA is "inherently dependent upon equitable relief no longer available [and therefore calls] for an impermissible advisory opinion." *Reclaim Idaho v. Little*, 826 F. App'x 592, 600 (9th Cir. 2020).

As such, this Court should deny Bonham's motion.

### 5. The Balance Of Hardships Do Not Favor Bonham.

"Under the [balance of hardships] test, the hardship to be sustained by the plaintiff, if the preliminary injunction is not granted, is to be balanced against the harm to be suffered by the defendant. Only if the balance tilts 'decidedly' in favor of the plaintiff is a right to preliminary injunctive relief warranted." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1991).

Here, Bonham will not suffer any injury if the injunction is not issued, since BANA does not have an interest in the property, and is not pursuing eviction. As it pertains to the current non-party Suttos, it is difficult to conclude that the balancing would favor Bonham in that instance as well, as the Suttos are being deprived of possession of property which they rightfully own, and Bonham continues to enjoy possession of property which he is not paying for.

Accordingly, the balancing of hardships favors denying Bonham's request for an injunction.

### 6. An Injunction Is Not In The Public Interest.

As to the final element, Bonham has failed to demonstrate why enjoining BANA – or the true owners of the property – from dispossessing him of the property – especially in light of the writ of restitution already issued one year prior – runs contrary to the public interest. Bonham is a squatter, trespassing and settling on the ground of another without

right or permission. *See United States v. Hanson*, 167 F. 881, 891 (9th Cir. 1909). There is no compelling public interest entitling him to possession of the property, while simultaneously dispossessing the real owners.

Accordingly, public interest also favors denial of the injunction.

## CONCLUSION

For the foregoing reasons, Bonham's motion for an injunction should be denied.

DATED this 15th day of April, 2021.

SNELL & WILMER L.L.P.


By: */s/ Daniel J. Inglese*
Gregory J. Marshall
Daniel J. Inglese
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
*Attorneys for Defendant Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants, and mailed a copy of same to the following if non-registrants on this 15th day of April, 2021:

James Bonham
6943 W Planada Lane
Glendale, AZ 85310
jbonham16@cox.net

*/s/ Martin Lucero*

4846-0876-1317.1