James Bonham/PRO PER
(c/o) Happy Valley Rd. A104-166
GLENDALE, AZ 85310
Phone (602) 565-1456
jbonham16@cox.net

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

James Bonham*;*

**PLAINTIFF,**

Vs.

Bank of America National Association

(BANA)

**DEFENDANT,**

**Cause # CV 21-00406-PHX-MTL**

**JUDGE MICHAEL T. LIBURDI**

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS**

Comes now James Bonham, hereinafter known as Plaintiff and Objects to BANK OF AMERICA NATIONAL ASSOCIATION, herein after known as Defendant and their MOTION TO DISMISS and for the following good and sufficient reason would show the Honorable Court that the Defendant's motion should not be granted;

# I.

# BACKGROUND

Once a Note is signed by an individual, it becomes a valid, negotiable monitory instrument. The original and only the original is a valid negotiable monitory instrument. And now that Plaintiff has become separated from the collateral for this negotiable monitory instrument it is very important to find Plaintiff's original Note/negotiable monitory instrument. While it is a very small and easy thing to do to just provide Plaintiff's Note/ monitory instrument for inspection and prove Defendant's right to foreclose on Plaintiff, however Defendant, with an inordinate amount of effort, time, money, resources, legal effort and resistiveness has chosen to evade and avoid the simple act of providing Plaintiff's monitory instruments, Plaintiff's Note and Deed-of-Trust for examination. Plaintiff offered, multiple times, "full-cash" settlement before the foreclosure sale was to be conducted. However when the "full-cash" settlement was offered as evidenced in PLAINTIFF'S FIRST AMENDED PETITION with the caveat that this was to be "in exchange" for Plaintiff's original monitory instrument, Plaintiff's Note and Deed-of-Trust, Defendant sought only to evade and avoid providing evidence of possession of Plaintiff's Note and Deed-of-Trust.

# II.

# FACTS

Now Defendant makes multiple false statements in DEFENDANT'S MOTION TO DISMISS that cannot be ignored. To wit:

1. Defendant, in the opening paragraph makes the statement "to forestall the possession of the property by the real owners of record". However, if the foreclosure instituted by Defendant was under false pretenses, meaning that Defendant was only in possession of a copy and not Plaintiff's actual monitory instruments, i.e. Plaintiff's Note and Deed-of-Trust, then the foreclosure sale and subsequent alleged attempted title transfer were in fact fraudulent and of no effect. And now the legal and lawful owners of the property have been wrongfully evicted. Until Defendant proves standing by proving possession of Plaintiff's original monitory instruments,  i.e. Note and Deed-of-Trust, the Defendant has acted and is acting criminally.

2. Defendant further claims that in Case # 2:13-cv-02220 that Plaintiff's "show-me-the-note" request was "meritless" and is now "barred by the doctrine of res judicata". However, the concept of demanding evidence of one's own negotiable monitory instrument can never be barred by law and never considered "res-judicata". Furthermore Case # 2:13-cv-02220 was dismissed because of "not enough evidence" of who was in possession of the Note and to whom and from the Note has been transferred or sold to. Had the Defendant maintained compliance with 12USC2605 or Defendant provided evidence of the actual Note this could not have occurred. The trial Judge erred in not compelling Defendant to produce the Note because the

demand was made by the Plaintiff to produce the original monitory instrument, i.e. the Note.

3. Plaintiff's has always demanded verification of the debt. Defendant claims that "failure to raise this contention" previously that Plaintiff is barred "res-judicata". Reference Exhibits "N" and "O" herein attached. Also, reference Exhibits "A" thru "L" attached to PLAINTIFF'S FIRST AMENDED PETITION. (Note; Exhibit numbering remains continuous throughout all Plaintiff's pleadings in this cause) However, Defendant has never produced Plaintiff's original monitory instrument for verification of the debt, ever. Only copies from the County Clerk's office, never the actual negotiable monitory instruments, Plaintiff's original Note and Deed-of-Trust. In a continuing travesty of justice in multiple attempts in multiple courts Defendant has continued to evade and avoid proving that Defendant is or has ever been lawfully in possession of Plaintiff's genuine debt instruments, i.e. Plaintiff's Note and Deed-of-Trust. Neither the State of Arizona by law nor the previous Courts have the authority to deprive an Individual of his or her civil rights or un-alienable rights. This includes the right for an individual to make a contract for indebtedness is also among those rights. Also the right to know to who/whom is in possession of his monitory instrument and for how much. These rights with specific actions and conditions are codified into law under 12USC2605 which to date no

evidence that the Defendant has ever complied with. And while anyone can lawfully come into possession of a copy of anyone's Note or Deed-of-Trust from the clerk of the County, only the "ORIGINAL, WET-SIGNED" Note and Deed-of-Trust are valid monitory instruments. Not the copies! Defendant, by Defendant's own statement in the Defendant's MOTION TO DISMISS has once again identifies that they have not yet produced evidence that Defendant is, or ever has been in possession or Plaintiff's original "wet-signed" Note and Deed-of-Trust. Only copies that can easily be obtained from the clerk of the County.

4.   Although Defendant claims that Plaintiff had not previously raised these claims while identifying that Plaintiff asserted claims under the FDCPA in the same pleading Defendant also claims the FDCPA does not address Plaintiff has always contended that each and every individual is entitled to know to whom a debt may be owed and how much is owed. And although the FDCPA reiterates those rights, that is not the primary basis for Plaintiff's contention. Therefore, should the FDCPA not apply in some fashion, then Plaintiff's original contention of the aforementioned rights still apply under 42USC1983 & 42USC1985

5.   Defendant make multiple references to Appellate Court's decisions in their MOTION TO DISMISS however, another Court's choice to ignore the basic premise the validity of an original monitory instrument versus only a

copy cannot be construed to constitute a legal precedent on which any other Court can ignore the validity of a genuine monitory instrument.

6. Defendant makes argument that "Arizona" does not recognize the demand to produce the actual monitory instrument as proven by the "wet-ink" signature. Yet no such statute exists in Arizona law. Nor will one ever exist because this would be unlawful and void by Supreme Court decision *Marbury v. Madison (1803)*. And while Courts sometime rely on other Courts decisions for reference, those decisions are not law and cannot be construed as law.

7. Defendant makes argument that Plaintiff did not adhere to Plaintiff's contractual obligations in paying on the Note. However, Plaintiff never complied with 12USC2605 requiring notice to Plaintiff of to whom and when each and every activity of transfer or sale occurs. Therefore when Plaintiff began receiving multiple demands for payment on Plaintiff's Note from multiple entities, Plaintiff had no way of knowing to whom payment was due therefore demanding that each claimant "prove-up-the-debt" by presenting Plaintiff's "wet-signed" original monitory instrument was the only way that Plaintiff could discern who was legally due payment. Also, when Plaintiff made Defendant aware that multiple payments tendered had not been credited to Plaintiff's account, Defendant refused to address Plaintiff's concern. Reference Exhibits "N" and "O", copies attached.

Instead, Defendant responded by wrongfully placing Plaintiff's account into delinquency/collections status rather than investigate the complaint.

8. Defendant's Attorneys make statement that "Bonham has also failed to raise his contention prior to the foreclosure sale, thereby waiving his challenge." However, Plaintiff raised these contentions many times in multiple proceedings, in multiple direct communications and court proceedings. Reference Exhibits "A" thru "L", "N", & "O"

9. Defendant makes a "BANK OF AMERICA, N.A.'S CERTIFICATE OF GOOD-FAITH CONFERRAL" stating: "Defendant Bank of America N.A. certifies that they notified plaintiff James Bonham of the issues asserted in this motion. Undersigned counsel sent Bonham a letter on March 23 explaining the deficiencies in his Complaint. They had subsequent telephone discussions and email exchanges regarding the Complaint and were unable to agree that the Complaint could be cured by amendment." At no time did any such conferrals occur. This is an outright fabrication and an act of perjury. Reference Exhibit "P" attached for reference; AFFIDAVIT OF James Bonham. Attorneys for the Defendant, Gregory J. Marshall and Daniel J. Inglese both signed and certified this document they entered into the Court record on behalf of the Defendant. If those conferences did in fact occur, then Defendants have the phone and E-Mail records to show so.

10. Defendant makes assertion that a "one-year" statute of limitation applies to bring complaint under the FDCPA. However, Plaintiff has asserted this contention from the very beginning when multiple claimants began to attempt to service this debt, therefore this argument must fail and have never ceased. Therefore this argument must fail.

11. Defendant refers to 15USC1692a(6)(F) and contends that to originator or an agent of officer of the originator of the debt is exempt from the FDCPA. However, an individual must first prove that they are in fact the valid holder of the debt to qualify for this immunity and Defendant has to date failed to do so and therefore does not qualify for immunity from the FDCPA 15USC1692a(6)(A)statute.

12. Attorneys for the Defendant state on P4, L1-5 of Defendants MOTION TO DISMISS in reference to multiple demands to "prove-up" the debt by presenting the original "wet-signed" Mortgage and Deed-of-Trust for examination, that "these claims, however, have already been resolved". If this is true then Defendant has evidence of this. However, in a deceptive, on-going effort to protract this issue out Defendant has demonstrated a "fact-pattern" of unwillingness to provide, and has failed to provide that evidence herein.

**WHEREFORE;** Premises considered Plaintiff prays that the Honorable Court deny Defendants MOTION TO DISMISS

**FURTHERMORE;** Reference paragraph **II.** #9, BANK OF AMERICA, N.A.'S CERTIFICATE OF GOOD-FAITH CONFERRAL  that Defendant's Attorneys be cited for perjury in regards to lies and fabrications made therein unless they can immediately produce the phone records and E-Mail  evidence to support those claims.

**FURTHERMORE;** Reference to paragraph **II.** #12, Defendant's Attorneys state that "these claims, however, have already been resolved". If this is true then the evidence of this would already in the records of Court. However, to-date no such evidence can be found. Plaintiff respectfully requests that the Honorable Court order Defendants Attorneys to produce this said evidence.


Respectfully submitted

James Bonham/PRO PER
(c/o) Happy Valley Rd. A104-166
GLENDALE, AZ 85310
Phone (602) 565-1456
jbonham16@cox.net


## CERTIFICATE OF SERVICE

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants on this 28th day of April, 2021:

Gregory J. Marshall (#019886)
Daniel J. Inglese (#033887)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: gmarshall@swlaw.com
            dinglese@swlaw.com
*Attorneys for Defendant Bank of America, N.A.*

James W Bonham, authorized agent
"of authorization for payment, issued of Bank of America
c/o 6740 West Deer Valley Road, #107
Glendale, Arizona near [85310]
Non Domestic without the U.S.

October 13, 2009

To:  BAC HOME LOANS SERVICING, LP
ATTN:  SENIOR MANAGEMENT
CERTIFIED MAIL NUMBER 7008 1830 0003 6414 7299
 450 AMERICAN STREET
SIMI VALLEY, CA  93065-6285

To: BANK OF AMERICA HOME LOANS
ATTN:  CFO - GREGORY HOBBY OR SUCCESSOR OR ASSIGNEE
CERTIFIED MAIL NUMBER 7008 3230 0000 2723 2997
4500 PARK GRANADA
CALABASAS, CA 91302

**RE:  JAMES W BONHAM, ACCOUNT NUMBER 090506662**

## NOTICE OF FAULT AND DEMAND FOR PROOF OF CLAIM

Notice to the agent is notice to the principal, notice to the principal is notice to the agent.

**WARNING: If you are incompetent to understand the importance of the enclosed presentment, you are
STRONGLY urged to seek competent council!**

NOTICE is hereby given that:

I am in receipt of a writing sent from an unnamed employee from Bank of America Home Loans, Customer
Service Department dated October 08, 2009 (see attached).

It is the purpose of the writing you now read to address your attempted dishonor to my SECOND NOTICE OF
ADMINISTRATIVE OVERPAYMENT UNDER PROTEST dated September 10, 2009 (see attached).

I agree and accept that my previous correspondence does not appear to be specifically related to servicing
requirements of Bank of America Home Loans Customer Service Department, CA6-919-01-41 as to an alleged
loan other than a failure on the part of Gregory Hobby to accept and apply payments tendered in my previous
mailings he received.  Kindly reveal how my tendered payments may have been lost or stolen since the United
States Post Office verifies that Bank of America received these instruments.  Also, my affidavit dated July 14,
2009 has not been rebutted.

I am deeply concerned that employees and/or officers of Bank of America may be involved in dishonest activity
regarding alleged loan number 090506662.  Your offer to "continue to service" an alleged loan "in accordance
with the valid, binding loan documents" that I signed is accepted upon lawful evidence of your claim.  I now
hereby demand that Bank of America Home Loans provide **proof of claim** of the referenced alleged loan by
providing, for my viewing, the original note bearing my wet ink signature within 15 days of verified receipt of
this writing you now read.  A copy does not qualify as evidence.  This demand is in reference to any original loan
documents for property identified as 6943 W PLANADA LANE, GLENDALE, AZ  85310 and further recorded as
Lot 154, PATRICK RANCH, according to Book 378 of Maps, Page 42, and Certificate of Correction recorded in
Document No. 94-553935 and recorded in Document No. 94-707865, records of Maricopa County, Arizona..  In
the event Bank of America fails to provide demanded evidence/proof of claim within 15 days will, Bank of
America will be in Default and  Bank of America will be notified.

In the future, kindly identify yourself.  Also, enclosure was not provided, though indicated, with Bank of America
writing dated October 8, 2009.

So it has been said, so it shall be done.

By; James W Bonham,
authorized agent

Enclosures:
1)   Original Bank of America writing dated October 08, 2009
2)   James W Bonham, authorized agent, copied writing dated September 10, 2009
3)   Invoice (original sent and received using USPS Certified Mail #7008 03230 0000 2723 2997)

**Bank of America** 

**Home Loans**

*Customer Service Department, CA6-919-01-41*
*450 American Street*
*Simi Valley, CA  93065-6298*

October 08, 2009

James Bonham
6943 W Planada Ln
Glendale AZ 85310

Re:   Bank of America Home Loan account ending in: 6662
      Property Address: 6943 W Planada Ln, Glendale, AZ  85310

Dear James Bonham:

Thank you for contacting our office with your letter dated September 10, 2009, addressed to BAC Home Loans Servicing, LP., regarding the above-referenced loan.  Please note that the servicing of your loan has been transferred to Bank of America Home Loans, a subsidiary of Bank of America, N.A. ("Bank of America").

Bank of America has carefully reviewed the information you provided and has determined that your inquiry does not appear to be specifically related to a servicing concern related to your loan.

We regret you were dissatisfied with your loan transaction with Bank of America.  However, Countrywide Home Loans, Inc.'s response dated August 07, 2009, sufficiently states Bank of America's position regarding this matter.  We feel that Bank of America has been responsive and thorough and we have responded to all the questions raised in your previous letter.

Upon further review, there is nothing to add to the previous response and our position remains unchanged.  As such, your loan remains in full force and effect, and we will continue to service your loan in accordance with the valid, binding loan documents that you signed.  Presently, your loan with Bank of America reflects a severely delinquent status as it is past due for the July 2009 through September 2009 installments.

I hope I have clearly conveyed Bank of America's position regarding this matter.  Thank you for this opportunity to be of service.

Sincerely,


Customer Service

Enclosure

James W Bonham, authorized agent
"of authorization for payment, issued of Bank of America."
c/o 6740 West Deer Valley Road, #107
Glendale, Arizona near [85310]
Non Domestic without the U.S.

BAC HOME LOANS SERVICING, LP
ATTN: "Tony M., Customer Advocate, Customer Relationship Advocacy
Sent and received via "U.S." Certified Mail #7008 3230 0000 2723 3215
450 AMERICAN STREET
SIMI VALLEY, CA  93065-6285

BANK OF AMERICA HOME LOANS
ATTN:  CFO - GREGORY HOBBY
Sent and received via "U.S." Certified Mail #7008 1830 0003 6414 7305
4500 PARK GRANADA
CALABASAS, CA 91302

September 10, 2009

RE: JAMES W BONHAM, ACCOUNT NUMBER 090506662

# SECOND NOTICE OF ADMINISTRATIVE OVERPAYMENT UNDER PROTEST

Notice to the agent is notice to the principal, notice to the principal is notice to the agent.

**WARNING: If you are incompetent to understand the importance of the enclosed presentment, you are STRONGLY urged to seek competent council!**

Notice is hereby given that:

1.) On or about June 2, 2009, I tendered payment to a certain account/alleged debt, to wit: 090506662.
2.) It has come to my attention that BANK OF AMERICA HOME LOANS, C/O CFO GREGORY HOBBY has not posted it to the account or unlawfully refused that tender,
3.) On or about June 18, 2009 and August 31, 2009  I received a NOTICE OF INTENT TO ACCELERATE  from BAC Home Loans Servicing, LP, f/k/a/Countrywide Home Loans Servicing making a claim that I am in default,
4.) A lawful reason for dishonoring my payment was not given,
5.) I am in fear of these institution's officers as a result of their questionable actions and inactions,
6.) Bank of America Home Loans' unlawful actions are a trespass against me,
7.) I have included a cashier's check in the amount of $2956.04.
8.) That cashier's check is presented under protest and coercion because I am afraid of this institution's officers and their unlawful actions,
9.) Kindly post the payment and return my cashier's check unaltered, to me, within fifteen days.
10.) If the cashier's check order is altered in any way then I will send an invoice to your accounts payable department for the same amount.
11.) In the event you have filed any liens on my property, they are to be removed from my house within three days of the day of your verifiable receipt of this NOTICE AND DEMAND to avoid a claim against your unlimited commercial liability for your unlawful actions,
12.) Any detention of my house or property without a bona fide lawful cause including the verified claim of an injured party, after the stated deadline will constitute your agreement, consent and stipulation to be bound by tacit consent to me, by adhesion, for the losses as outlined herein,

So it has been said, so it shall be done.

By; James W Bonham, authorized agent "of authorization for payment, issued of Bank of America."



**Bank of America**

Home Loans

July 15, 2009

James W. Bonham
6943 W Planada Ln
Glendale, AZ 85310

Re:     Bank of America Home Loan account ending: 6662

Dear Mr. Bonham:

Thank you for contacting our office with your letter dated June 23, 2009 through July 7, 2009, addressed to Bank of America Home Loans, a subsidiary of Bank of America, N.A. ("Bank of America"). The concerns referenced in your correspondence were forwarded to my attention for review and response.

Bank of America has carefully reviewed the information you provided and has determined that your inquiry does not appear to be specifically related to a servicing concern regarding your loan.

Our records do not indicate that a payment was received to satisfy the loan. As of the date of this letter, your loan reflects a delinquent status as it is past due for the May through July 2009 installments. If your records reflect otherwise, please provide documentation to support your claim that the above-referenced loan should be paid in full.

Your loan remains in full force and effect, and we will continue to service your loan in accordance with the valid, binding loan documents that you signed. Enclosed, you will find a copy of your *Adjustable Rate Note, Uniform Residential Loan Application, Loan Transaction History Statement, and Deed of Trust* for your review and confirmation.

Mr. Bonham, after reviewing the enclosed documents, please let Bank of America know if you have any questions or concerns. If you believe that your account is in error, please provide Bank of America with a written statement of those reasons.

Sincerely,

Thomas M.
Customer Advocate
Customer Relationship Advocacy

Enclosures

Customer Relationship Advocacy, CA6-919-02-36
450 American St., Simi Valley, CA 93065

## JAMES W BONHAM
## 6740 W DEER VALLEY RD.  #107
## GLENDALE, AZ  85310

# INVOICE

**Bank of America Home Loans**                          **Date:  October 13, 2009**
**Attention: Accounts Payable Dept.**
**4500 Park Granada**
**Clabasas, CA  91302**

Memo:  Bank of America Home Loans Account # 090506662

| | | |
|---|---|---|
| **Overpayment** | **7/14/2009** | **$3127.12** |
| **Document Preparation** | | **$ 310.00** |
| **Failure to Discharge Debt** | | **$5000.00** |
| **Overpayment** | **9/10/2009** | **$2956.04** |
| **Document Preparation** | | **$ 456.00** |
| **Failure to Discharge Debt** | | **$5000.00** |

**Total due October 30, 2009**                          **$16849.16**

*Exhibit N 09-10-13 JWB Notice of Fault and POC*

Thank you,

JAMES W BONHAM

NOTICE OF FAULT AND DEFAULT PROMISSORY NOTE INSPECTION DEMANDED

James W Bonham, authorized agent "of
authorization for payment, issued of Bank of America."
c/o 6740 West Deer Valley Road, #107
Glendale, Arizona near [85310]
Non Domestic without the U.S.

November 30, 2009

BAC HOME LOANS SERVICING, LP
SENIOR MANAGEMENT
450 AMERICAN STREET
SIMI VALLEY, CA  93065-6285
**Sent and received using "U.S. First Class Mail"**

BANK OF AMERICA HOME LOANS
CFO - GREGORY HOBBY AND/OR SUCCESSOR
4500 PARK GRANADA
CALABASAS, CA 91302
**Sent and received using overnight "U.S. Express Mail"**

RE:  alleged BANK OF AMERICA ACCOUNT NUMBER 090506662

# NOTICE OF FAULT
# AND NOTICE OF DEFAULT

Mr. Hobby,

In creating a good faith paper trail within the text of my previous writings, I have demanded to review my genuine, original promissory note (hereinafter "note") you and/or representatives of Bank of America Home Loans and BAC Home Loans Servicing, LP may claim as having possession of as "collateral" for an alleged loan.  Unfortunately, employees of Bank of America Home Loans and BAC Home Loans Servicing, LP are grossly negligent for failing to satisfy my demand.  I do not believe that Bank of America Home Loans and BAC Home Loans Servicing, LP employees providing "customer service" could possibly make such an "honest mistake" in failing to comply with my demand to inspect the "note".  Bank of America Home Loans and BAC Home Loans Servicing, LP personnel are intentionally injuring me by avoiding my demands and sending me form letters without signing them.  If they were not injuring me, then why would they respond to writings they received *earlier* this year with their name and usually their signature or autograph and then more recently, produce writings and notices, which I have received of Bank of America Home Loans and BAC Home Loans Servicing, LP, having neither an employee name or signature or autograph?  Certainly, they fear the consequences of their own hands, as you must be as well, since you have never responded to any of my writings either.  Silence is acquiescing that Bank of America Home Loans and BAC Home Loans Servicing, LP is not in possession of the "note" I have demanded and committing consumer fraud.

**I DEMAND THAT YOU OR AN AUTHORIZED REPRESENTATIVE OF BANK OF AMERICA HOME LOANS and/or BAC HOME LOANS, LP SHOW ME THE GENUINE, ORIGINAL PROMISSORY NOTE. SHOW ME YOUR CLAIM.  ANY AND ALL FUNDS BANK OF AMERICA HOME LOANS and/or BAC HOME LOANS, LP HAS RECEIVED OF JAMES W BONHAM ARE MERELY DEPOSITS REPLENISHING ALL BANK OF AMERICA HOME LOANS and/or BAC HOME LOANS, LP ASSET, LIABILITY AND NET WORTH ACCOUNTS BEARING THE NAME JAMES W BONHAM AND/OR ACCOUNT NUMBER**

NOTICE OF FAULT AND DEFAULT PROMISSORY NOTE INSPECTION DEMANDED PAGE 1 OF 2

NOTICE OF FAULT AND DEFAULT PROMISSORY NOTE INSPECTION DEMANDED

**090506662 AND SAID FUNDS ARE OWED OF BANK OF AMERICA HOME LOANS and/or BAC HOME LOANS, LP TO JAMES W BONHAM UPON DEMAND.   WITHOUT EVIDENCE OF THE GENUINE, ORIGINAL PROMISSORY NOTE BEARING THE WET INK SIGNATURE OF JAMES W BONHAM OR AUTHORIZED REPRESENTATIVE/AGENT, BANK OF AMERICA HOME LOANS and/or BAC HOME LOANS, LP HAS NO CLAIM.  WITHOUT PROOF OF CLAIM, JAMES W BONHAM IS NOT IN DEFAULT**

Sincerely,

By: _James W Bonham, authorized agent_

James W Bonham, authorized agent "of authorization for payment, issued of Bank of America."

Enclosures:

1. Cover writing of James W. Bonham, authorized agent, dated September 10, 2009
2. Cover writing received of Bank of America Home Loans dated September 21, 2009
3. Cover writing received of Bank of America Home Loans dated October 15, 2009
4. Cover writing of James W. Bonham, Notice of Fault and Demand for Proof of Claim, dated October 13, 2009
5. Cover writing received of Bank of America Home Loans dated October 28, 2009
6. Cashier's Check Payable to the order of Bank of America Home Loans dated November 30, 2009 **only to recipient Gregory Hobby and/or Successor** (Sent and received using overnight "U.S. Express Mail")

List of Recipients:

BAC HOME LOANS SERVICING, LP
ATTN:  SENIOR MANAGEMENT
450 AMERICAN STREET
SIMI VALLEY, CA  93065-6285
**Sent and received using "U.S. First Class Mail"**

BANK OF AMERICA HOME LOANS
CFO - GREGORY HOBBY AND/OR SUCCESSOR
4500 PARK GRANADA
CALABASAS, CA 91302
**Sent and received using overnight "U.S. Express Mail"**

Federal Trade Commission
Consumer Response Center
600 Pennsylvania Avenue, NW
Washington, DC 20580
**Sent and received using "U.S. First Class Mail"**

 COPY

James W Bonham, authorized agent
"of authorization for payment, issued of Bank of America."
c/o 6740 West Deer Valley Road, #107
Glendale, Arizona near [85310]
Non Domestic without the U.S.

BAC HOME LOANS SERVICING, LP
ATTN: "Tony M., Customer Advocate, Customer Relationship Advocacy
Sent and received via "U.S." Certified Mail #7008 3230 0000 2723 3215
450 AMERICAN STREET
SIMI VALLEY, CA  93065-6285

BANK OF AMERICA HOME LOANS
ATTN: CFO - GREGORY HOBBY
Sent and received via "U.S." Certified Mail #7008 1830 0003 6414 7305
4500 PARK GRANADA
CALABASAS, CA 91302

September 10, 2009

RE: JAMES W BONHAM, ACCOUNT NUMBER 090506662

# SECOND NOTICE OF ADMINISTRATIVE OVERPAYMENT UNDER PROTEST

Notice to the agent is notice to the principal, notice to the principal is notice to the agent.

**WARNING: If you are incompetent to understand the importance of the enclosed presentment, you are STRONGLY urged to seek competent council!**

Notice is hereby given that:

1.) On or about June 2, 2009, I tendered payment to a certain account/alleged debt, to wit: 090506662.
2.) It has come to my attention that BANK OF AMERICA HOME LOANS, C/O CFO GREGORY HOBBY has not posted it to the account or unlawfully refused that tender,
3.) On or about June 18, 2009 and August 31, 2009  I received a NOTICE OF INTENT TO ACCELERATE  from BAC Home Loans Servicing, LP, f/k/a/Countrywide Home Loans Servicing making a claim that I am in default,
4.) A lawful reason for dishonoring my payment was not given,
5.) I am in fear of these institution's officers as a result of their questionable actions and inactions,
6.) Bank of America Home Loans' unlawful actions are a trespass against me,
7.) I have included a cashier's check in the amount of $2956.04.
8.) That cashier's check is presented under protest and coercion because I am afraid of this institution's officers and their unlawful actions,
9.) Kindly post the payment and return my cashier's check unaltered, to me, within fifteen days.
10.) If the cashier's check order is altered in any way then I will send an invoice to your accounts payable department for the same amount.
11.) In the event you have filed any liens on my property, they are to be removed from my house within three days of the day of your verifiable receipt of this NOTICE AND DEMAND to avoid a claim against your unlimited commercial liability for your unlawful actions,
12.) Any detention of my house or property without a bona fide lawful cause including the verified claim of an injured party, after the stated deadline will constitute your agreement, consent and stipulation to be bound by tacit consent to me, by adhesion, for the losses as outlined herein,

So it has been said, so it shall be done.

By: James W Bonham, authorized agent "of authorization for payment, issued of Bank of America."



Exhibit O 09-11-30 JWB to BOA NOF NOD and Demand



**Bank of America**

**Home Loans**

*Customer Service Department, CA6-919-01-41*
*450 American Street*
*Simi Valley, CA  93065-6298*



September 21, 2009

James Bonham
6943 W Planada Lane
Glendale, AZ  85310

Re:     Bank of America Home Loan account ending in: 6662
        Property Address: 6943 W, Planada Lane, AZ  85310

Dear James Bonham:

Thank you for contacting our office with your letter dated September 10, 2009, addressed to Bank of America Home Loans, a subsidiary of Bank of America, N.A ("Bank of America").

Bank of America has carefully reviewed the information you provided and has determined that your inquiry does not appear to be specifically related to a servicing concern related to your loan.

We regret you were dissatisfied with your loan transaction with Bank of America.  However, Bank of America Home Loans' response dated August 07, 2009, sufficiently states Bank of America's position regarding this matter.  We feel that Bank of America has been responsive and thorough and we have responded to all the questions raised in your previous letter.

Upon further review, there is nothing to add to the previous response and our position remains unchanged.  As such, your loan remains in full force and effect, and we will continue to service your loan in accordance with the valid, binding loan documents that you signed.

Lastly, this will also confirm that your concern regarding payments has been forwarded to appropriate department for review and will be responded to you under separate cover.

I hope I have clearly conveyed Bank of America's position regarding this matter.  Thank you for this opportunity to be of service.

Sincerely,


Customer Service



Exhibit O 09-11-30 JWB to BOA NOF NOD and Demand

 

**Bank of America**

**Home Loans**

*Customer Service Department, CA6-919-01-41*
*450 American Street*
*Simi Valley, CA  93065-6298*

October 15, 2009

James W. Bonham
c/o 6740 West Deer Valley Road #107
Glendale, AZ 85310

Re:       Bank of America Home Loan account ending: 6662

Dear Mr. bonham,

Thank you for contacting our office with your correspondence dated September 10, 2009, addressed to
Bank of America Home Loans, a subsidiary of Bank of America, N.A ("Bank of America").  The concerns referenced
in your correspondence were forwarded to my attention for review and response.

Bank of America has carefully reviewed the information you provided and has determined that your inquiry does not
appear to be specifically related to a servicing concern related to your loan.

We regret you were dissatisfied with your loan transaction with Bank of America.  However, Bank of America Home
Loans, Inc.'s responses dated August 7, 2009, September 20, 2009 and October 7, 2009 sufficiently states Bank of
America's position regarding this matter.  We feel that Bank of America has been responsive and thorough and we
have responded to all the questions raised in your previous letter.

Upon further review, there is nothing to add to the previous response and our position remains unchanged.  As such,
your loan remains in full force and effect, and we will continue to service your loan in accordance with the valid,
binding loan documents that you signed.  Presently, your loan with Bank of America reflects a severely delinquent
status as it is past due for the July through October 2009 installments.

I hope I have clearly conveyed Bank of America's position regarding this matter.  Thank you for this opportunity to be
of service.

Sincerely,

Customer Service



Exhibit O 09-11-30 JWB to BOA NOF NOD and Demand

James W Bonham, authorized agent
"of authorization for payment, issued of Bank of America
c/o 6740 West Deer Valley Road, #107
Glendale, Arizona near [85310]
Non Domestic without the U.S.

October 13, 2009

To: BAC HOME LOANS SERVICING, LP
ATTN: SENIOR MANAGEMENT
CERTIFIED MAIL NUMBER 7008 1830 0003 6414 7299
450 AMERICAN STREET
SIMI VALLEY, CA 93065-6285

To: BANK OF AMERICA HOME LOANS
ATTN: CFO - GREGORY HOBBY OR SUCCESSOR OR ASSIGNEE
CERTIFIED MAIL NUMBER 7008 3230 0000 2723 2997
4500 PARK GRANADA
CALABASAS, CA 91302

RE: JAMES W BONHAM, ACCOUNT NUMBER 090506662

## NOTICE OF FAULT AND DEMAND FOR PROOF OF CLAIM

Notice to the agent is notice to the principal, notice to the principal is notice to the agent.

**WARNING: If you are incompetent to understand the importance of the enclosed presentment, you are STRONGLY urged to seek competent council!**

NOTICE is hereby given that:

I am in receipt of a writing sent from an unnamed employee from Bank of America Home Loans, Customer Service Department dated October 08, 2009 (see attached).

It is the purpose of the writing you now read to address your attempted dishonor to my SECOND NOTICE OF ADMINISTRATIVE OVERPAYMENT UNDER PROTEST dated September 10, 2009 (see attached).

I agree and accept that my previous correspondence does not appear to be specifically related to servicing requirements of Bank of America Home Loans Customer Service Department, CA6-919-01-41 as to an alleged loan other than a failure on the part of Gregory Hobby to accept and apply payments tendered in my previous mailings he received. Kindly reveal how my tendered payments may have been lost or stolen since the United States Post Office verifies that Bank of America received these instruments. Also, my affidavit dated July 14, 2009 has not been rebutted.

I am deeply concerned that employees and/or officers of Bank of America may be involved in dishonest activity regarding alleged loan number 090506662. Your offer to "continue to service" an alleged loan "in accordance with the valid, binding loan documents" that I signed is accepted upon lawful evidence of your claim. I now hereby demand that Bank of America Home Loans provide **proof of claim** of the referenced alleged loan by providing, for my viewing, the original note bearing my wet ink signature within 15 days of verified receipt of this writing you now read. A copy does not qualify as evidence. This demand is in reference to any original loan documents for property identified as 6943 W PLANADA LANE, GLENDALE, AZ 85310 and further recorded as Lot 154, PATRICK RANCH, according to Book 378 of Maps, Page 42, and Certificate of Correction recorded in Document No. 94-553935 and recorded in Document No. 94-707865, records of Maricopa County, Arizona.. In the event Bank of America fails to provide demanded evidence/proof of claim within 15 days will, Bank of America will be in Default and Bank of America will be notified.

In the future, kindly identify yourself. Also, enclosure was not provided, though indicated, with Bank of America writing dated October 8, 2009.

So it has been said, so it shall be done.

By; James W Bonham,
authorized agent

Enclosures:
1) Original Bank of America writing dated October 08, 2009
2) James W Bonham, authorized agent, copied writing dated September 10, 2009
3) Invoice (original sent and received using USPS Certified Mail #7008 03230 0000 2723 2997)



Exhibit O 09-11-30 JWB to BOA NOF NOD and Demand

**Bank of America** 

**Home Loans**

Customer Service Department, CA6-919-01-41
450 American Street
Simi Valley, CA 93065-6298

October 28, 2009

James Bonham
6943 W Planada Lane
Glendale AZ 85310

Re:      Bank of America Home Loan account ending in: 6662
         Property Address: 6943 W Planada Lane, Glendale, AZ  85310

Dear James Bonham:

Thank you for contacting our office with your letter dated October 13, 2009, addressed to BAC Home Loans Servicing, LP. ("BAC Home Loans"), a subsidiary of Bank of America, N.A.

Bank of America has carefully reviewed the information you provided and has determined that your inquiry does not appear to be specifically related to a servicing concern related to your loan.

Your loan remains in full force and effect, and we will continue to service your loan in accordance with the valid, binding loan documents that you signed.  Enclosed you will find a copy of your *Note, Uniform Residential Loan Application, Loan Transaction History Statement,* and *Trust Deed* for your review and confirmation.

Thank you for this opportunity to be of service.


Sincerely,



Customer Service

Enclosures



Exhibit O 09-11-30 JWB to BOA NOF NOD and Demand

**AFFIDAVIT OF James Bonham, IN RESPONSE TO BANK OF AMERICA, N.A.'S CERTIFICATE OF GOOD-FAITH CONFERRAL AND MOTION TO DISMISS, DATED April 15, 2021, Document No. 22, IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**
*Bonham v. Bank of America National Association,* **CASE NO: 2:21-cv-00406-MTL**

I, James Bonham, declare to the best of my knowledge:

1. I am the Plaintiff in the above entitled action.
2. If called upon, I can testify to the firsthand knowledge of the facts herein.
3. I have reviewed the documents referenced and identified as BANK OF AMERICA, N.A.'S MOTION TO DISMISS and CERTIFICATE OF GOOD-FAITH CONFERRAL, Document 22 of this Court's docket, dated April 15, 2021.
4. BANK OF AMERICA, N.A.'S CERTIFICATE OF GOOD-FAITH CONFERRAL states "They had subsequent telephone discussions and email exchanges regarding the Complaint and were unable to agree that the Complaint could be cured by amendment."
5. At no time did I ever have any telephone discussions of any kind with Mr. Gregory J. Marshall, or Daniel J. Inglese, prior to the filing or entry of BANK OF AMERICA, N.A.'S MOTION TO DISMISS, or CERTIFICATE OF GOOD-FAITH CONFERRAL, into this Court's record.
6. At no time did I ever have any email exchanges with Mr. Gregory J. Marshall, or Daniel J. Inglese, whereby we were unable to agree that the Complaint could be cured by amendment, prior to the filing or entry of BANK OF AMERICA, N.A.'S MOTION TO DISMISS, or CERTIFICATE OF GOOD-FAITH CONFERRALt.
7. I specifically requested by email that Mr. Marshall contact his client prior to filing his motion for an extension to request authorization from BANK OF AMERICA NATIONAL ASSOCIATION to agree to my request for relief in the form of a temporary restraining order, for purposes of protecting my possession of the property, however, Mr. Marshall did not respond to my request.

STATE OF ARIZONA          )

COUNTY OF MARICOPA    )

Before me, the undersigned authority personally appeared James Bonham, who, after being duly sworn deposes and says that the statements herein are true and correct to the best of his/her belief and knowledge, and who produced identification in the form of ___Arizona State Driver License___.
(Type of ID)

___James Bonham, Affiant___
without prejudice

SWORN TO AND SUBSCRIBED before me this _28th_ day of _April_, 2021, in ___Maricopa___ County, Arizona.

___
Notary Public

My Commission Expires: _June 11th, 2022_

LUCAS BACON
Notary Public - State of Arizona
MARICOPA COUNTY
Commission # 547681
Expires June 11, 2022

Exhibit 04-28 BONHAM AFFIDAVIT IN SUPPORT OF OPP. TO MTD