Gregory J. Marshall (#019886)
Daniel J. Inglese (#033887)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: gmarshall@swlaw.com
*Attorneys for Defendant Bank of America, N.A.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Bonham,<br><br>   Plaintiff,<br><br>v.<br><br>Bank of America, N.A.,<br><br>   Defendant. | No. 2:21-cv-00406-MTL<br><br>**BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS** |

  Plaintiff James Bonham's ("Bonham") response to defendant Bank of America National Association's ("BANA") motion to dismiss (styled as an "objection") reiterates that his entire action is premised upon a "show-me-the-note" theory which he had raised in prior lawsuits. Bonham, however, contends that this already-adjudicated claim bears repeating now, as "[t]he trial judge erred in not compelling Defendant to produce the Note because the demand was made by the Plaintiff to produce the original monitory (sic) instrument." (Doc. 26 at 2-3, ¶ 2.)

  Being denied the relief sought in a prior matter is not ground for inapplicability of res judicata. Rather, that judgment was entered in those matters which the current claims have been raised – or could have been raised – bars their introduction now.

  Further, Bonham's response appears to agree that Arizona does not require the production of a "wet-ink" note to foreclose, something that would doom his lawsuit were it the first time he asserted it. Finally, Bonham does not attempt to rebut that his failure to

1  raise these claims in a pre-foreclosure action cause them to be waived as a matter of law, and therefore concedes that point.

Accordingly, as Bonham has demonstrated that he is unable to state a viable claim for relief, this Court should grant BANA's motion with prejudice.

**I.     ARGUMENT**

**A.     BONHAM'S CLAIMS ARE BARRED BY RES JUDICATA.**

As noted, Bonham's only contention with regard to the applicability of res judicata is his belief that the prior decisions were incorrect, as he did not obtain the relief requested. A favorable decision, however, is not an element of claim preclusion, rather "[r]es judicata applies when 'the earlier suit . . . (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.'" *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005), citing *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002).

Bonham's claims against BANA have already been raised numerous times. Indeed, Bonham has already appealed these adverse judgments to the Ninth Circuit, which noted that his claims were "barred by the doctrine of res judicata because these claims were raised, or could have been raised, in Bonham's prior action between the same parties that resulted in a final judgments on the merits." *Bonham v. Bank of Am., N.A.*, 715 F. App'x 701, 701 (9th Cir. 2018), unpublished.

Given that Bonham raised – or could have raised – the current claims in the prior actions, they are all barred by res judicata, and BANA's motion may be granted on this basis in its entirety.

**B.     BONHAM FAILS TO SUFFICIENTLY REBUT BANA'S OTHER ARGUMENTS**

Bonham's response continues by asserting that established precedent is "not law and cannot be construed as law." (Doc. 26 at 6, ¶ 6.) This is the sole basis through which Bonham argues against the lack of a legal requirement to show Bonham the note prior to conducting a foreclosure sale. Bonham's contention, however, flies in the face of the long-

standing binding authority of precedent. *See Hogan v. Wash. Mutual Bank, N.A,* 230 Ariz. 584, 277 P.3d 781 (2012) ("*Hogan*").

"A district judge may not respectfully (or disrespectfully) disagree with his learned colleagues on his own court of appeals who have ruled on a controlling legal issue." *Hart v. Massanari,* 266 F.3d 1155, 1170 (9th Cir. 2001). These appellate decisions serve as the guidelines for consistent resolutions within the trial courts.

Similarly, when a matter of state law has been decided by the highest court in said state – as was the case in *Hogan* – such decision is binding in the district court. See, e.g., *Emery v. Clark*, 604 F.3d 1102, 1120 (9th Cir. 2010). Accordingly, even were res judicata not to apply, the precedent established in *Hogan* precludes Bonham's claim that BANA is required to produce an original "wet-ink" note prior to foreclosure in this Court.

Bonham's response with regard to his claim under the Fair Debt Collections Practices Act ("FDCPA") merely cites that he requested the "wet-ink" note in 2009. As noted in BANA's motion, however, this cannot establish a violation of the FDCPA against BANA, the successor-by-merger of the originating entity, and would likewise be barred by the passage of time. 15 U.S.C. §§ 1692a(6)(F); 1692k(d).

Finally, Bonham has failed to rebut the argument that his current attacks on the foreclosure have been waived due to his failure to bring them prior to the foreclosure occurring under ARS § 33-811(C). Accordingly, he has conceded that point.[1]

## II. CONCLUSION

For the aforementioned reasons, Bonham has not, and cannot, state a claim for relief against BANA. Accordingly, this Court should grant BANA's motion, and dismiss it from this lawsuit with prejudice.

---

[1] Bonham also argues that BANA's counsel's certificate of good-faith conferral is defective, and that no conferral occurred. But counsel put Mr. Bonham on notice of the issues in his Complaint as early as March 23, 2021. (*See* Ex. A) Mr. Bonham replied to counsel via email, indicating that he would need to think about the offer. Rather than address the defects raised in counsel's letter, Mr. Bonham filed his First Amended Complaint, which did not materially address any of the issues counsel had identified. Mr. Bonham was well aware of the issues with his complaint and chose not to fix them.

DATED this 5th day of May, 2021.

SNELL & WILMER L.L.P.

By: */s/ Daniel J. Inglese*
Gregory J. Marshall
Daniel J. Inglese
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
*Attorneys for Defendant Bank of America, N.A.*

### **CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants, and mailed a copy of same to the following if non-registrants on this 5th day of May, 2021:

James Bonham
6943 W Planada Lane
Glendale, AZ 85310
jbonham16@cox.net

*/s/ Martin Lucero*

4827-0948-0936.1

EXHIBIT A



LAW OFFICES

One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2202
602.382.6000
602.382.6070 (Fax)
www.swlaw.com

DENVER
LAS VEGAS
LOS ANGELES
LOS CABOS
ORANGE COUNTY
PHOENIX
RENO
SALT LAKE CITY
TUCSON

Gregory J. Marshall
(602) 382-6514
gmarshall@swlaw.com

March 23, 2021

<u>Via USPS and Email</u>

James Bonham
6943 W. Planada Lane
Glendale, AZ 85310
jbonham16@cox.net

                *Re: Bonham v. Bank of America, N.A., CV-00406-PHX-MTL*

Dear Mr. Bonham:

       This firm represents Bank of America, N.A. ("BANA") in the above action. We are writing to request a date and time to confer regarding your complaint, as required by local rule.

       First, your complaint is premised on the legally unsupported theory that BANA is required to produce at your demand the original note and deed of trust. The law in Arizona does not impose this obligation on lenders, and so any complaint premised on the theory that BANA must do so is not cognizable. *See Hogan v. Washington Mut. Bank, N.A.*, 230 Ariz. 584, 586, 277 P.3d 781, 783 (2012), as amended (July 11, 2012)

       Second, the Fair Debt Collection Practice Act (the "FDCPA") does not apply to foreclosures, and mortgage servicers like BANA are not "debt collectors" as defined by the FDCPA. *See* S. REP NO. 95-382, at 3–4 (1977), *reprinted in* 1997 U.S.C.C.A.N. 1695, 1698 ("[T]he committee does not intend the definition [of debt collector] to cover the activities of … the collection of debts, such as mortgages and student loans, by persons who originated such loans; mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing."); *see also, e.g., Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009) ("[T]he legislative history of the FDCPA lends further support for the proposition that mortgagees and their assignees, servicing companies, and trustee fiduciaries are not included in the definition of 'debt collector.'").

March 23, 2021
Page 2

      Third, we understand that you have filed for bankruptcy, so any assets of your bankruptcy estate, including this lawsuit, belong to your estate, not to you individually.  For this additional reason, you cannot bring these claims.

      For these reasons, your complaint does not state a proper cause of action against BANA, and we do not believe the deficiencies can be cured by an amendment.  But we will appreciate you please contacting us in response to this letter to personally confer on this issue.  Thank you.

                Very truly yours,

                Snell & Wilmer

                *Gregory J. Marshall*

                Gregory J. Marshall