**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

James Bonham,

     Plaintiff,

v.

Bank of America NA,

     Defendant.

No. CV-21-00406-PHX-MTL

**ORDER**

NOT FOR PUBLICATION

  Before the Court are five motions. (Docs. 10, 20, 22, 29, 30.) Plaintiff James Bonham has filed a Motion for Preliminary Injunction (Doc. 10), a Motion for Joinder of Additional Parties (Doc. 20), a Motion for Hearing (Doc. 29), and Motion for Discovery Conference (Doc. 30). Defendant Bank of America, N.A. ("BANA") has filed a Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss"). (Doc. 22.) For the reasons expressed herein, the Court will grant BANA's Motion to Dismiss. (*Id.*) Mr. Bonham's Motion for Preliminary Injunction (Doc. 10), Motion for Joinder of Additional Parties (Doc. 20), Motion for Hearing (Doc. 29), and Motion for Discovery Conference (Doc. 30) will be denied as moot.[1]

## I.  BACKGROUND

  In 2005, Mr. Bonham obtained a loan from Countrywide Bank. (Doc. 19 ¶ 1.) This action is the latest in a series of cases filed by Mr. Bonham related to the loan. Because the parties are familiar with this history, the Court will only recount the pertinent facts.

---

[1] The Court finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f).

In 2013, Mr. Bonham filed a lawsuit against BANA, asserting his debt was either unenforceable under a "bifurcation" theory or "satisfied by the sale of [the] loan." *See Bonham v. Bank of Am. NA*, No. CV-13-02220-PHX-SRB, 2013 WL 12204173, at *1 (D. Ariz. Dec. 19, 2013) (hereinafter "*Bonham I*"). Finding Mr. Bonham failed to state a plausible cause of action, the district court dismissed the case under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* at *2. The Ninth Circuit affirmed the decision. *Bonham v. Bank of Am., N.A.*, 667 F. App'x 179 (9th Cir. 2016).

Shortly thereafter, Mr. Bonham filed another lawsuit against BANA, repeating the claims alleged in *Bonham I* and alleging related claims under the Fair Debt Collections Practices Act and Uniform Commercial Code. *See Bonham v. Bank of Am. NA*, No. CV-16-03822-PHX-JJT, 2017 WL 2841220, at *1–2 (D. Ariz. Jan. 12, 2017) (hereinafter "*Bonham II*"). The district court dismissed Mr. Bonham's repetitive claims on res judicata grounds and the others as meritless. *Id.* at *2. The Ninth Circuit again affirmed the decision. *Bonham v. Bank of Am., N.A.*, 715 F. App'x 701 (9th Cir. 2018).

In March 2021, Mr. Bonham initiated the instant action, demanding that BANA "prove up" the debt by presenting a "wet-signed debt instrument." (Doc. 1; Doc. 19 ¶¶ 4, 5.) BANA now moves to dismiss Mr. Bonham's claims. (Doc. 22.) The Motion to Dismiss is ripe for ruling. (Docs. 22, 26, 27.)

## II.    LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include a "short and plain statement" showing the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (citation omitted). A claim is plausible when there is enough factual content for a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Dismissal is proper if "there is no cognizable legal theory," or "an absence of sufficient facts alleged to support a cognizable legal theory." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 965 (9th Cir. 2018).

Generally, when assessing the sufficiency of a complaint under Rule 12(b)(6), courts may not consider material outside the pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also* Fed. R. Civ. P. 12(d). Judicial notice is an exception to that general rule. *Id.* Judicial notice is appropriate if an adjudicative fact is "not subject to reasonable dispute," meaning it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "[Courts] may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (citation omitted). For purposes of resolving the motion to dismiss, the Court will take judicial notice of the substance and disposition of *Bonham I* and *Bonham II*.

## III.   DISCUSSION

The doctrine of res judicata protects "litigants from the burden of relitigating an identical issue" and promotes "judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). Res judicata applies when three elements are satisfied: (1) identity of claims, (2) a final judgment on the merits, and (3) privity between the parties. *See Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). BANA argues Mr. Bonham's claims are barred by the doctrine of res judicata. (Doc. 22.) For the reasons that follow, the Court agrees.

Mr. Bonham's current claims are premised on a "wet-signed" theory, which the district court and the Ninth Circuit has already considered and rejected. *Bonham*, 667 F. App'x at 179 ("[D]efendant was not required to show Bonham the note or otherwise prove its authority to foreclose."). Thus, because *Bonham I*, *Bonham II*, and the instant action "arise from the same transactional nucleus of facts," the identity-of-claims element is satisfied. *See Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes*, 323 F.3d 767, 770 (9th Cir. 2003). The second element is also met because the courts in *Bonham I* and *Bonham II* entered final judgments on the merits. *See Bonham II*, 2017 WL 2841220, at *2; *see also Gatecliff v. Great Republic Life Ins. Co.*, 154 Ariz. 502, 506 (1987) ("A 12(b)(6) dismissal . . . disposes of the merits and takes res judicata effect."). And privity is

satisfied because each lawsuit involves Mr. Bonham and BANA. Accordingly, the Court concludes that Mr. Bonham's claims are barred by the doctrine of res judicata because they were raised, or could have been raised, in his prior actions against BANA.[2]

Mr. Bonham's history of litigation warrants a reminder that federal courts have a responsibility to ensure that their limited resources "are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *DeLong v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). District courts have inherent power to ensure that the business of the court is conducted in an orderly and reasonable fashion. *See, e.g.*, *Visser v. Supreme Court of Cal.*, 919 F.2d 113, 114 (9th Cir. 1990). This inherent authority includes the power to "regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Delong*, 912 F.2d at 1147. Although the Court will not issue a vexatious litigant order at this time, continued attempts by Mr. Bonham to relitigate meritless claims may result in sanctions or a vexatious litigant order.

**IV.    CONCLUSION**

Accordingly,

**IT IS ORDERED granting** Defendant's Motion to Dismiss (Doc. 22).

**IT IS FURTHER ORDERED denying** Plaintiff's Motion for Preliminary Injunction (Doc. 10), Motion for Joinder of Additional Parties (Doc. 20), Motion for Hearing on the Defendant's Motion to Dismiss (Doc. 29), and Motion for Discovery Conference (Doc. 30) **as moot**.

---

[2] Because the Court will dismiss Mr. Bonham's claims, there is no longer a case or controversy pending before the Court, and thus the Court lacks subject-matter jurisdiction to resolve Mr. Bonham's pending motions. *See Outlaw Lab'y, LP v. Trepco Imp. & Distrib., Ltd.*, No. 3:19-cv-01229-GPC-BGS, 2019 WL 5422929, at *2 (S.D. Cal. Oct. 23, 2019) (dismissing a complaint on a motion to dismiss and then denying a motion for preliminary injunction as moot).

1

2

**IT IS FINALLY ORDERED** that the Clerk of the Court shall enter judgment accordingly and close this case.

3

Dated this 2nd day of August, 2021.

4

5

6

*Michael T. Liburdi*

7

Michael T. Liburdi
United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28